UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TIMOTHY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3138 |
| | ) | |
| TERRY WILLIAMS AND | ) | |
| EUGENE McADORY, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, pursues the following claims:   1) a due process claim based on the conditions Plaintiff experienced in segregation; 2) a procedural due process claim based on Plaintiff's placement in the segregation cells; and, 3) an excessive force claim based on the tactical team's actions in extracting Plaintiff from one of the cells.   Discovery closed on May 1, 2013, with the exception of Plaintiff's deposition and several pending motions to compel.   This order addresses the pending

motions to compel.

Plaintiff seeks to compel video recordings of the time Plaintiff spent confined to a cell in the special housing unit from June 3, 2010 to June 24, 2010. The Court agrees with Plaintiff that this footage could be relevant to show Defendants' personal knowledge of and responsibility for Plaintiff's conditions of confinement. Defendants assert that no video recordings exist, which Plaintiff maintains is false.

Defendants cannot be compelled to produce evidence no longer in existence. However, nothing in the record answers: 1) whether surveillance cameras were in place to view the cells in which Plaintiff was housed; 2) whether those cameras record; 3) if those cameras record, whether the cameras recorded during Plaintiff's confinement in the segregation cells from June 23, 2010 until he was released into the general population; 4) if those cameras did record during that time period, what happened to the recording (what, when, why, and by whom). Defendants will be ordered to provide an affidavit of someone with personal knowledge of these facts in order to demonstrate the foundation for their conclusion that no video footage exists.

Plaintiff also seeks "a copy of all disciplinary reports, incident reports, and behavior committee meeting notes" from June 4, 2010 until the date Plaintiff was released into the general population.  The Court agrees with Plaintiff that this information, narrowed to those documents regarding Plaintiff, could be relevant to Plaintiff's claims.  To the extent Defendants have not already produced this information, they will be directed to do so.

Next, Plaintiff seeks "all special treatment logs" starting when Plaintiff arrived at Rushville on June 4, 2010.  What documents Plaintiff seeks is unclear.  The Court will order the production of Plaintiff's mental health records from June 4, 2010 to August 31, 2010.

Plaintiff also seeks the personnel records of Defendants, including personnel records from other prisons in which Defendants have worked. Plaintiff also seeks a list of the lawsuits filed against Defendants.  These requests are too vague, too broad, and the possible relevance of the information is not adequately explained.  However, information in Defendants' personnel records that relate to the incidents in this case could be relevant and will be ordered.

IT IS THEREFORE ORDERED:

1) Plaintiff's pleadings docketed as 20, 22, and 29 are construed as motions to compel.  The motions are granted in part and denied in part (d/e's 20, 22, 29).  By September 9, 2013, Defendants are directed to:

   a. File with the court an affidavit or affidavits based on personal knowledge explaining the basis for Defendants' conclusion that no video footage of Plaintiff's time spent in the cells in the special housing unit from June 4, 2013, until he was released into the general population.

   b. Produce to Plaintiff, to the extent not already produced, all disciplinary reports, incident reports, and behavior committee notes regarding Plaintiff from June 4, 2010, through August 31, 2010.

   c. Produce to Plaintiff, to the extent not already produced, Plaintiff's mental health records from June 4, 2010 to August 31, 2010.

   d. Produce to Plaintiff information in Defendants' personnel records, if any, that relates to or refer to the incidents in this

case.

2) Defendants' unopposed motion to compel Plaintiff to respond to Defendants' Request for Production of Documents is granted (d/e 27).   By August 30, 2013, Plaintiff is directed to mail to Defendants Plaintiff's responses to Defendants' discovery requests.

3) Defendants are directed to take Plaintiff's deposition by September 16, 2013.

4) Dispositive motions are due November 4, 2013.

5) Plaintiff's Motion for Leave to Propound Interrogatories (d/e 35) is denied with leave to renew after Plaintiff reviews video footage.

ENTERED: 8/6/2013

FOR THE COURT:

_____s/Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE